NELLIE RIDER, RESPONDENT, v. JAMES FULLER, APPELLANT.

*False imprisonment — confining person supposed to have small-pox — delivery of, to hospital ambulance — injury subsequently received in ambulance and hospital — evidence of, not admissible on question of damages in action for the prior confinement.*

APPEAL from a judgment entered on a verdict rendered at the Onondaga Circuit, and also from an order denying a motion for a new trial on the minutes.

The action was brought to recover damages for false imprisonment, and a verdict was rendered for plaintiff for $500.

The plaintiff testified that she went to defendant's office to be examined, and that after she had been examined by the defendant and two other physicians, the defendant pronounced her case one of small-pox, and told her she must stay in the office until the ambulance wagon came to take her to the hospital, and that if she left before it came they would lock her up. The court, at General Term, after commenting upon the evidence, and stating that, in view of all the evidence bearing upon the main question, the verdict would

have been more satisfactory if it had been for the defendant, but that it was not prepared to say that it was so clearly and decidedly against the weight of evidence as that it should be set aside for that reason, proceed :

"We are of the opinion, however, that the judge fell into an error in admitting testimony against the defendant's objection and exception, tending to show that the driver of the ambulance, instead of going directly to the hospital, deviated from his course, and took in a colored man affected with the small-pox, and carried him with the plaintiff to the hospital, and also evidence tending to show that when the plaintiff left the hospital, part of her clothing was detained there by some person in charge. The testimony was probably received upon the question of damages, and it is to be presumed from the amount of the verdict that it had an effect upon the jury. The facts which the testimony tended to establish were not the legal and natural consequences arising from the tort. The defendant was not responsible for the tortious acts of the driver of the ambulance, or of the keepers of the hospital, against each of whom the plaintiff has a cause of action for any injury which they wrongfully caused her. The driver and the hospital keeper were not the servants of the defendant. If the driver, by his negligence, had upset the ambulance, whereby the plaintiff's bones had been broken, or if the keeper of the pest-house had beaten her, no one will contend that the defendant would have been liable therefor. The injuries supposed differ only in degree from those which the plaintiff was allowed to prove in aggravation of damages. The damages must proceed wholly and exclusively from the injury complained of. (*Vicars* v. *Wilcocks*, 8 East, 1 ; *Lock* v. *Ashton*, 12 Ad. & El. [N. S.], 871 ; *Crain* v. *Petrie*, 6 Hill, 522.) There is no evidence that the defendant acted maliciously ; on the contrary, it is apparent that his only motive was to prevent a spread of the contagious disease with which he believed the plaintiff was attacked, and to put her in the way of being properly treated and cared for. Not having pleaded a justification, he was not permitted to show that he acted by authority, and he was therefore technically liable, but he should not be held to any thing more than compensation for the legal and proximate consequences of his own acts, so long as he acted in good faith."

*I. T. Vann,* for the appellant.   *D. Pratt,* for the respondent.

Opinion by SMITH, J. ; MULLIN, P. J., and TALCOTT, J., concurred.

Judgment and order reversed and new trial ordered, costs to abide event.